JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

FRANK DAVIS, JR., MARIAH
HORTON, AND ELISHA WILLIAM
JACKSON,

    Plaintiffs,

  v.

ARC POINT LABS WEST LOS
ANGELES,

    Defendant.

Case No.: CV 22-04899-CJC (SKx)

ORDER DISMISSING WITHOUT
PREJUDICE PLAINTIFF'S CLAIMS
FOR FAILURE TO COMPLY WITH
COURT ORDERS

On July 18, 2022, Plaintiff Frank Davis Jr. filed a complaint against Defendant Arc Point Labs West Los Angeles, alleging claims for (1) "tort of negligence, paternity fraud," (2) intentional infliction of emotional distress, (3) "compensation for medical care," and (4) "lost wages." (Dkt. 1.) On January 18, 2023, he filed an amended complaint "to add the final victims of this human trafficking case." (Dkt. 27.) However, it appeared that Plaintiff attempted to supplement his original complaint with the amended complaint, as the amended complaint did not contain any claims. (*See id.*) The

Court *sua sponte* dismissed Plaintiff's First Amended Complaint with leave to amend, explaining that an amended complaint replaces the original complaint rather than supplementing it and that "[a] complaint must contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." (Dkt. 29 [quoting Fed. R. Civ. P. 8(a)].)

Plaintiff then filed a document titled "Amended Complaint Guardian ad litem." (Dkt. 30.)  In the document, Plaintiff "ask[ed] the Court for permission to represent [his] two minor children E.W.J. and M.H. in the civil complaint."  (*Id.*)  Once again, the document (despite containing the words "Amended Complaint" in the title) did not contain any statement regarding the Court's jurisdiction, any claims, or any demands for relief.  (*See id.*)  Indeed, it appeared that the document was a petition to proceed as guardian ad litem, not an amended complaint.  (*See id.*)

The Court again *sua sponte* dismissed Plaintiff's pleading with leave to amend, admonishing Plaintiff that he needed to file an amended complaint that complied with Rule 8(a).  (Dkt. 31.)  The Court reminded Plaintiff that this document would replace all prior complaints in the case, so Plaintiff should put all of the information regarding the Court's jurisdiction and his claims and demands into that single document.  (*Id.*)  The Court ordered Plaintiff to file any amended complaint no later than February 3, 2023. (*Id.*)

On January 31, 2023, the Court granted Plaintiff's request for extension of time to file an amended complaint until March 23, 2023.  (Dkt. 33.)  On March 22, 2023, the Court granted Plaintiff's second request for an extension of time to file an amended complaint until April 20, 2023.  (Dkt. 35.)

On April 20, 2023, Plaintiff filed a document titled "First Amended Complaint." (Dkt. 36.)  Despite being labeled an amended complaint, the document again does not contain any statements regarding the court's jurisdiction, a short and plain statement of Plaintiff's claims, or a demand for relief.  (*See id.*)  Instead, Plaintiff "ask[s] the Court for a 90 day continue date" on the basis that (1) he has a family court appearance on April 24, 2023 in which he will inform that court of the alleged fraud, (2) the FBI will be conducting an investigation, and (3) he wants to add a new defendant.  (*Id.* at 2.)

District courts "have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion."  *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992).  When determining "whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Here, these factors support dismissal due to Plaintiff's failure to prosecute the case and comply with court orders.  Despite filing his complaint in July 2022, Plaintiff has yet to file a complaint that contains a statement regarding the court's jurisdiction, a short and plain statement of his claims, and a demand for relief.  (*See* Dkts. 29, 31, 33, 35.)

As to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal."  *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  The second factor also favors dismissal because "it is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."  *Pagtalunan*, 291 F.3d at 642.  When plaintiffs fail to follow court orders to file an amended complaint, "the action to come[s] to a complete halt" and had allows plaintiffs

"to control the pace of the docket rather than the Court." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (finding that this factor favored dismissal when the plaintiffs had 60 days to file an amended complaint and instead tardily filed a motion for clarification); *Alliant Credit Union v. Vessel EAGLE REST*, 2010 WL 3746727, at *1 (N.D. Cal. Sept. 20, 2010) (explaining that a plaintiff's failure to comply with a court order to file an amended complaint or dismiss "inherently delays resolution of the case and works to the detriment of the public").

As to the third factor, "the risk of prejudice to the defendant is related to the plaintiff's reason for defaulting in failing to timely amend." *Yourish*, 191 F.3d at 991. Here, Plaintiff's reason for failing to file an amended complaint by the (twice-extended) deadline is weak. None of the reasons—an upcoming state court appearance, a purportedly forthcoming FBI investigation, and the desire to add a new defendant—prevents Plaintiff from filing a document that sets forth grounds for the Court's jurisdiction, a short and plain statement of his claims, and a request for relief. Accordingly, this factor favors dismissal. *See id.* at 991–92 ("Plaintiffs' paltry excuse for his default on the judge's order [to file an amended complaint] indicates that there was sufficient prejudice to Defendants from the delay that this factor also strongly favors dismissal.").

Fourth, the public policy favoring disposition on the merits generally weighs against dismissal, but "it logically rests upon an inherent presumption a litigant . . . has manifested a diligent desire to prosecute his or her claims." *Ewing v. Ruano*, 2012 WL 2138159, at *2 (C.D. Cal. June 12, 2012). Indeed, "it is the plaintiff's responsibility to move a case toward a merits disposition." *Thomas v. Kernan*, 2019 WL 8888200, at *1 (C.D. Cal. July 10, 2019) (citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)). Plaintiff's repeated failure to file a valid complaint by this Court's deadlines

undermines the strength of the public policy favoring disposition on the merits.  *See Ewing*, 2012 WL 2138159, at *2.  This factor is neutral.

Finally, the Court has attempted less drastic alternatives, but they have failed.  Giving a plaintiff an extension to amend his complaint to bring it into compliance with the Federal Rules of Civil Procedure "constitute[s] an attempt at a less drastic sanction to that of outright dismissal."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), *as amended* (May 22, 1992).  The Court has given Plaintiff multiple such extensions.  (Dkts. 33, 35.)  Additionally, "a district court's warning to a party that his or her failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."  *Ferdik*, 963 F.2d at 1262; *see Alliant Credit Union*, 2010 WL 3746727, at *2 ("The Court's prior order warned Plaintiff that the failure to file an amended complaint or a notice of voluntary dismissal would result in the dismissal of the action.").  The Court has repeatedly warned Plaintiff that his failure to file an amended complaint by the Court's deadlines would result in dismissal of his clams.  (Dkt. 29 at 2 ["Failure to file an amended complaint by that date may result in dismissal with prejudice."]; Dkt. 31 at 3 ["Failure to file an amended complaint by that date or to follow the Court's instructions regarding an amended complaint may result in dismissal of Plaintiff's claims with prejudice."]; Dkt. 33 ["Failure to file an amended complaint by that date will result in dismissal of Plaintiff's clams with prejudice."]; Dkt. 35 [same.])  Moreover, "[a] monetary sanction has little to no benefit in a case in which," as here, "the plaintiff is proceeding in forma pauperis."  *Herrera v. Nguyen*, 2014 WL 11774831, at *1 (E.D. Cal. June 23, 2014), *aff'd*, 609 F. App'x 422 (9th Cir. 2015).  This favor therefore weighs strongly in favor of dismissal.

Taken together, the relevant factors weigh in favor of dismissal.  *Cf. Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against

dismissal, they would not outweigh the other three factors that strongly support dismissal here.").  The Court has given Plaintiff numerous chances to file a complaint that complies with Rule 8(a), including multiple extensions, and Plaintiff has failed to do so with little justification.  Accordingly, Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

    DATED:    April 27, 2023

                                    _____
                                        CORMAC J. CARNEY
                                    UNITED STATES DISTRICT JUDGE